1
2
3
4
5
6
7
8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9   AT TACOMA

10  DENNIS J. ROBINSON,

11              Plaintiff,                CASE NO. 3:16-cv-06002 JRC

12       v.                               ORDER ON PLAINTIFF'S
                                          COMPLAINT
13
    NANCY A. BERRYHILL, Acting
14  Commissioner of the Social Security
    Administration,
15
                Defendant.
16

17
        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and
18
    Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.
19
    Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States
20
    Magistrate Judge, Dkt. 6). This matter has been fully briefed. *See* Dkt. 13, 17, 18.
21
        The ALJ found that plaintiff is disabled when his substance use disorders are
22
    considered. AR. 20. However, the ALJ also found that plaintiff "would not be disabled if
23
24

he stopped the substance use," and hence, plaintiff is not "disabled within the meaning of the Social Security Act." AR. 26.

The Social Security Act prohibits the award of disability benefits when drug addiction and/or alcoholism is a contributing factor material to the determination of disability. *See* 42 U.S.C. §§ 423 (d)(2)(C), 1382c(a)(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998).

After considering and reviewing the record, although the ALJ used the correct standard when reviewing plaintiff's claimed disability, the ALJ erred by failing to discuss the significant, probative evidence provided by a reviewing doctor. The reviewing doctor, Dr. Phyllis N. Sanchez, Ph.D., issued opinions directly relevant to the important findings providing the basis for the ALJ's ultimate decision regarding disability in this matter, including whether plaintiff would be disabled if he stopped the substance use.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, DENNIS J. ROBINSON, was born in 1985 and was 27 years old on the alleged date of disability onset of March 21, 2013. *See* AR. 211-17, 218-24. Plaintiff completed high school. AR. 52. Plaintiff has some work history as a food warehouse stocker, in telecommunications and in customer service. AR. 279-90. He was let go from his last job for tardiness. AR. 42-43

According to the ALJ, plaintiff has at least the severe impairments of "schizoaffective disorder, bipolar affective disorder, poly substance abuse and antisocial personality disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 15

At the time of the hearing, plaintiff was living in a house with his grandmother, aunt and cousin. AR. 38.

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 90, 91, 112, 113. Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the ALJ") on November 26, 2014. *See* AR. 32-66. On May 21, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 9-31.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ properly evaluated the medical evidence; (2) Whether the ALJ properly evaluated plaintiff's testimony; (3) Whether the ALJ properly evaluated the lay evidence; (4) Whether the ALJ properly assessed plaintiff's residual functional capacity ("RFC") in the absence of substance abuse ("DAA") and erred by basing the step four and five findings on his erroneous RFC assessment; and (5) Whether the ALJ erred by improperly concluding that plaintiff's DAA was a factor material to his disability. *See* Dkt. 13, p. 2.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

(1) **Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff argues that the "ALJ erred by failing to discuss Dr. Sanchez's June 2013 opinion that substance abuse did not contribute significantly to [plaintiff]'s functional impairments, and that the effects of [] impairments on his work activities were not due primarily to alcohol or drug abuse/addiction." Dkt. 13, p. 6 (citing AR. 353, 355). Plaintiff contends that this opinion "is significant, probative evidence that the ALJ could not simply disregard without explanation." *Id*. (footnote omitted). Defendant concedes that the "ALJ did err in not addressing this opinion, but given the different standard used in making this assessment, this error should be considered harmless." Dkt. 17, p. 6.

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571. For example, "an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning

them." *Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (citing *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014)).

Dr. Phyllis N. Sanchez, Ph.D., did not examine plaintiff, but reviewed some of the medical evidence on June 4, 2013, including medical reports dated January 22, 2010; February 2, 2011; March 7, 2013; and May 21, 2013. *See* AR. 353-56. She opined that plaintiff suffered from many marked limitations. *See* AR. 355. Dr. Sanchez also opined that the limitations on plaintiff's ability to perform work were not primarily due to alcohol or drug abuse/addiction. *See* AR. 356.

The Court agrees with defendant's concession that the ALJ erred by failing to discuss the opinions of Dr. Sanchez, because her opinion clearly is significant, probative evidence. *See Flores, supra*, 49 F.3d at 571. Therefore, the next question to be decided is whether or not this error is harmless.

The Ninth Circuit has concluded that it is not harmless error for the ALJ to fail to discuss a medical opinion. *Hill v. Astrue*, 698 F.3d 1153, 1160 (9th Cir. 2012) ("the ALJ's disregard for Dr. Johnson's medical opinion was not harmless error and Dr. Johnson's opinion should have been considered") (citing 20 C.F.R. § 404.1527(c) (noting that this Ruling requires the evaluation of "every medical opinion" received)).

The ALJ's opinion differs from Dr. Sanchez' opinion regarding whether or not plaintiff's substance abuse is a material factor contributing to plaintiff's disability. The ALJ found, at the initial steps in the evaluation process, that a "finding of 'disability' is [] appropriate" in this case when limitations from plaintiff's substance use disorders are considered. *See* AR. 20. Therefore, the question becomes "would the other impairments

[other than substance abuse] improve to the point of non-disability in the absence of the drug or alcohol abuse." AR. 17 (citing SSR 12 – 2P).

In determining whether or not a claimant's alcoholism or drug addiction is material pursuant to 42 U.S.C. § 423(d)(2)(C), the test is whether or not "an individual would still be found disabled if []he stopped using alcohol or drugs." *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998) (quoting 20 C.F.R. § 404.1535(b)(1)).

Here, Dr. Sanchez opined that the limitations on plaintiff's ability to perform work were not primarily due to alcohol or drug abuse/addiction. *See* AR. 356. A logical inference from this opinion is that in the absence of drug and alcohol abuse, plaintiff still would suffer close to the same amount of limitations on his ability to work. *See id*. Therefore, Court concludes that the opinion from Dr. Sanchez is contrary to and very relevant to one of the most important findings by the ALJ, that is, that plaintiff "would not be disabled if he stopped the substance use (20 C.F.R. §§ 404.1520(f), 404.1535, 416.920(f) and 416.935)." *See* AR. 26. Therefore, the Court cannot conclude with confidence that no ALJ when fully crediting the opinion from Dr. Sanchez "'could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout,* 454 F.3d at 1055-56).

The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony,

could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (quoting *Stout,* 454 F.3d at 1055-56).

Therefore, the Court concludes that it was not harmless error for the ALJ to fail to discuss the medical opinion from Dr. Sanchez. *See id*. Although plaintiff requests a remand with a direction to award benefits, the Court concludes based on the record as a whole, that further administrative proceedings would be useful in this case. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). The ALJ should evaluate the medical opinion of Dr. Sanchez in the first instance, and should have the opportunity to evaluate the new evidence plaintiff submitted to the Appeals Council. *See id.; see also* Dkt. 13, pp 8-11. Therefore, this matter is reversed and remanded to the administration for further administrative proceedings consistent with this opinion.

(2) **Whether or not the ALJ properly evaluated plaintiff's testimony.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence, some of which the ALJ did not have the opportunity to review. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, for this reason, plaintiff's testimony and statements should be assessed anew following remand of this matter.

(3) **Whether or not the ALJ properly evaluated the lay evidence and the RFC in the absence of substance abuse ("DAA"), and erred by basing the step four and five findings on his erroneous RFC assessment.**

Similarly, the lay evidence and the RFC in the absence of substance abuse should be evaluated anew following remand of this matter. As a consequence, the steps four and five findings based on the RFC in the absence of substance abuse ("DAA") should be evaluated anew following remand of this matter, as should the issue of the materiality of plaintiff's DAA to his disability.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 21st day of November, 2017.

J. Richard Creatura
United States Magistrate Judge