UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DENNIS J. ROBINSON,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of the Social Security Administration for Operations,

    Defendant.

CASE NO. 3:16-cv-06002 JRC

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEYS' FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter comes before the Court on plaintiff's contested motion for attorneys' fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* Dkt. 22; *see also* Dkts. 24, 25).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request

for statutory attorneys' fees on the grounds that the requested fees are unreasonable given the circumstances of this case (*see* Response, Dkt. 24, p. 1 (*citing* 28 § U.S.C. 2412)).

After considering and reviewing the record, including the Court's admonition that "[p]laintiff shall not include a lengthy recitation of background facts or medical evidence" except in context of specific errors alleged, the Court concludes that plaintiff has requested reimbursement for attorneys' fees that were not reasonably expended on the litigation. Therefore, plaintiff's fees for preparation of the Opening Brief should be reduced by 5 hours, for a total number of hours of 31.1[total 36.9 hours on opening brief Dkt. 22-3 page 2.].

Plaintiff requests $7,239.00 in total fees for the underlying litigation. Although the 3.1 paralegal hours reasonably were expended ($310), the 36.1 attorney hours were not reasonably expended. Plaintiff's request for attorneys' fees representing attorney work for $7,549, should be reduced by 5 hours ($983.95) to $6,565.05.

Defendant does not object to plaintiff's request for $5.18 in expenses, which shall be granted. Plaintiff also requests additional hours for the time incurred defending the fee petition, which is denied because defendant's dispute with the fee was meritorious.

Therefore, plaintiff's motion for fees and expenses is granted pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $6,565.05 in attorneys' fees and $5.18 for expenses.

## BACKGROUND and PROCEDURAL HISTORY

On November 21, 2017, this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* Dkt. 19).

| 1  | The Court found that the ALJ erred by failing to discuss the significant, probative
| 2  | evidence provided by a reviewing doctor, Dr. Phyllis N. Sanchez, Ph.D., who issued
| 3  | opinions directly relevant to the important findings providing the basis for the ALJ's
| 4  | ultimate decision regarding disability. Dkt. 19. This matter was reversed pursuant to 42
| 5  | U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of
| 6  | such evidence (*see id.* at 4-8).
| 7  |    Subsequently, plaintiff filed a motion for EAJA attorneys' fees, to which
| 8  | defendant objected (*see* Dkt. 22). Defendant contends that the amount of hours incurred
| 9  | in this matter is unreasonable (Dkt. 24). Plaintiff filed a reply (*see* Dkt. 25).

STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied,* 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala,* 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also

"has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra,* 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order on Complaint, Dkt. 19). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant tacitly concedes, by not contending, that the government's position was not substantially justified, and argues that plaintiff's recovery for attorneys' fees should be reduced, not eliminated (*see* Defendant's Response to Plaintiff's EAJA Motion for Fees, Dkt. 24, p. 2 - 5).

The Court finds that the government's position on the merits of the case was not substantially justified. This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence. For these reasons, and based on a review of the relevant record, the Court concludes that the government's position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart,* 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A). Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue*, 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433. Here, defendant challenges the number of hours expended on this matter (*see* Dkt. 35, p. 2).

The Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson, supra,* 488 F.2d at 717-19 "usually are subsumed within the initial calculation of hours reasonably expended at a reasonably hourly rate."[1] *See Hensley, supra,* 461 U.S. at 434 n.9 (other citation

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended

omitted); *see also Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway,* 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorneys' fees award does not directly consider the multi-factor test developed in *Johnson,* supra, 488 F.2d at 717-19, and *Kerr, supra,* 526 F.2d at 69-70").

As defendant does not object to plaintiff's requested hourly rate for his attorneys' fees request, the gravamen of defendant's contentions here concern the number of hours reasonably expended on the litigation (*see* Dkt. 24, p. 2). *See also Hensley, supra*, 461 U.S. at 433.

Defendant first contends that plaintiff's counsel expended an unreasonable amount of time drafting summaries of the medical evidence and testimony unrelated to any meaningful argument about alleged errors in the ALJ's decision. Dkt. 24, page 2. This Court agrees. Plaintiff devoted almost nine pages to a recitation of the medical evidence that very little to do with any of the issues in the case. Dkt. 13, pages 2 – 11. The Court was able to eke out of this material a single relevant issue, which was determinative – namely that the ALJ had failed to discuss the significant, probative evidence provided by a reviewing doctor. Dkt. 19, page 4. And this was based on one page within this 9 page summary. Dkt. 13, pages 5 – 6. But this is more because of the Court's efforts, rather than counsel's. For the most part, these recitations of

---

multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

the medical records were unrelated to any legal argument, and were not useful in evaluating the case.

Defendant correctly notes that in the Court's scheduling order, the Court cautioned plaintiff against lengthy recitation of the evidence that is unrelated to specific errors alleged. Dkt. 24, page 2, citing Dkt. 10, page 2. Yet, that is exactly what plaintiff did here. Because of this continuing problem, the only way to effectuate the Court's order is to reduce the fee.

Defendant cites several other cases within this district where the court has reduced fees awarded to the same plaintiff's counsel who is requesting fees in this case. Dkt. 24, pages 2 – 3. Plaintiff's counsel correctly points out that he has been awarded his full fee in "hundreds" of cases in this district, where the full requested fee was awarded. Dkt. 25, page 4. No doubt.

This Court notes that plaintiff's counsel is regularly successful before this Court, but that does not belie the fact that his method of preparing cases is, at best, challenging for the Court. Sometimes – often – this Court strains to determine the merits of the case based on the laborious, but unhelpful, recitation of the record. This case is similar to so many others presented by this counsel, in that respect.

When determining the reasonableness of plaintiff's requested fee the "amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra*, 461 U.S. at 430. The Court noted that the House Report "refers to the 12 factors set forth in *Johnson*," supra, 488 F.2d at 714, but the Court noted that a district court also "may consider [the] other factors identified in *Johnson*, [*supra*, 488 F.2d at 717-19]. *Hensley,*

*supra*, 461 U.S. at 434 n.9 (citation omitted). As "awards in similar cases" is one of these "other factors," this Court has done so here.

Based on the particular facts and record in this case, and with consideration given to fee awards in similar cases, the Court concludes that although the paralegal hours requested is reasonable, plaintiff has requested an excessive amount of attorney hours that were not reasonably expended, particularly on the Opening Brief. *See Hensley, supra*, 461 U.S. at 434 ("the District Court [] should exclude from this initial fee calculation of hours that were not 'reasonably expended'"), 430 n.3.

The Court reduces by 5 hours ($983.95) to $6,565.05. Also, in light of this Court's ruling and plaintiff's counsel's failure to follow this Court's Scheduling order, the additional time requested by plaintiff for the defense of the fee petition is not added to plaintiff's award.

CONCLUSION

It is hereby ORDERED that EAJA attorneys' fees of $6,565.05 and $5.18 for expenses, shall be awarded to plaintiff pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

The Acting Commissioner shall contact the Department of Treasury after the Order for EAJA fees and expenses is entered to determine if the EAJA fees and expenses are subject to any offset. If it is determined that plaintiff's EAJA fees and expenses are not subject to any offset allowed pursuant to the Department of the Treasury's Offset Program, then the check for EAJA fees and expenses shall be paid directly to Eitan Kassel Yanich, Esq., either by direct deposit or by check payable to him based on

plaintiff's assignment of these amounts to plaintiff's attorney (*see* Plaintiff's Declaration Regarding Net Worth and Payment of EAJA Fees, Dkt. 21). If there is an offset, the remainder shall be made payable to plaintiff, based on the practice of the Department of the Treasury (*see*, *e.g.,* Case No. 2:15-cv-122, Dkt. 22, p. 4). Any check for EAJA fees and expenses shall be mailed to plaintiff's counsel, Eitan Kassel Yanich, Esq., at Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, WA 98501.

Dated this 31st day of May, 2018.

J. Richard Creatura
United States Magistrate Judge